# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF IDAHO

| | | |
|---|---|---|
| IN RE | ) | |
| | ) | **Case No. 09-00690-TLM** |
| **JON NICHOLAS DAW and** | ) | |
| **KERI LANE DAW,** | ) | **Chapter 7** |
| | ) | |
| Debtors. | ) | |
| _____ | ) | |
| | ) | |
| IN RE | ) | **Case No. 09-03594-TLM** |
| | ) | |
| **ANNA JUDENE WESTING and** | ) | |
| **JOHN HENRY WESTING,** | ) | **Chapter 13** |
| | ) | |
| Debtors. | ) | |
| _____ | ) | |
| | ) | |
| IN RE | ) | **Case No. 10-00718-TLM** |
| | ) | |
| **INTERWEST DEVELOPMENT** | ) | **Chapter 7** |
| **CORP.,** | ) | |
| | ) | |
| Debtors. | ) | |
| _____ | ) | |
| | ) | |
| IN RE | ) | **Case No. 10-00720-TLM** |
| | ) | |
| **KNOLL ACRES ASSOCIATES,** | ) | **Chapter 7** |
| **LLC,** | ) | |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |

MEMORANDUM OF DECISION AND NOTICE - 1

|  |  |  |
|---|---|---|
| **IN RE** | ) | **Case No. 10-01516-TLM** |
| | ) | |
| **CODY SHAWN FOWLER and** | ) | **Chapter 7** |
| **RHONDA MARIE FOWLER,** | ) | |
| | ) | |
| Debtors. | ) | |
| _____ | ) | |
| | ) | |
| **IN RE** | ) | **Case No. 10-01583-TLM** |
| | ) | |
| **JULIE CHRISTINE ENGLEMAN,** | ) | **Chapter 7** |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| **IN RE** | ) | **Case No. 10-01774-TLM** |
| | ) | |
| **THOMAS WAYNE MILLER and** | ) | **Chapter 7** |
| **MICHELLE LYNN MILLER,** | ) | |
| | ) | |
| Debtors. | ) | |
| _____ | ) | |
| | ) | |
| **IN RE** | ) | **Case No. 10-01779-TLM** |
| | ) | |
| **KENNETH RICHARD BARRETTE,** | ) | **Chapter 7** |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| **IN RE** | ) | **Case No. 10-01942-TLM** |
| | ) | |
| **DEBRA SUE FERGUSON,** | ) | **Chapter 7** |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |

MEMORANDUM OF DECISION AND NOTICE - 2

|  |  |
|---|---|
| IN RE | Case No. 10-02140-TLM |
| STEVE GEORGE and<br>BELLA L. GEORGE,<br>Debtors. | Chapter 7 |
| IN RE | Case No. 10-02357-TLM |
| YVONNE RAE BECKMAN,<br>Debtor. | Chapter 7 |
| IN RE | Case No. 10-02422-TLM |
| GEORGE WALLACE SWANK,<br>Debtor. | Chapter 13 |
| IN RE | Case No. 10-02591-TLM |
| JEFFERY WAYNE FORGY,<br>Debtor. | Chapter 7 |
| IN RE | Case No. 10-02623-TLM |
| HEATHER DAWN SHEPARD,<br>Debtor. | Chapter 7 |

MEMORANDUM OF DECISION AND NOTICE - 3

|                                      |     |                           |
|--------------------------------------|-----|---------------------------|
| **IN RE**                            | )   | **Case No. 10-02630-TLM** |
|                                      | )   |                           |
| **NORINE MARIE CASTLE,**             | )   | **Chapter 7**             |
|                                      | )   |                           |
| **Debtor.**                          | )   |                           |
| _____ | )   |                           |
|                                      | )   |                           |
| **IN RE**                            | )   | **Case No. 10-02823-TLM** |
|                                      | )   |                           |
| **DANIEL ERNEST CLOT,**              | )   | **Chapter 13**            |
|                                      | )   |                           |
| **Debtor.**                          | )   |                           |
| _____ | )   |                           |
|                                      | )   |                           |
| **IN RE**                            | )   | **Case No. 10-02910-TLM** |
|                                      | )   |                           |
| **SEAN EDWARD COOK,**                | )   | **Chapter 7**             |
|                                      | )   |                           |
| **Debtor.**                          | )   |                           |
| _____ | )   |                           |
|                                      | )   |                           |
| **IN RE**                            | )   | **Case No. 10-02952-TLM** |
|                                      | )   |                           |
| **JANEL KAY KELLER,**                | )   | **Chapter 7**             |
|                                      | )   |                           |
| **Debtor.**                          | )   |                           |
| _____ | )   |                           |
|                                      | )   |                           |
| **IN RE**                            | )   | **Case No. 10-02955-TLM** |
|                                      | )   |                           |
| **DANIEL A. WATERWORTH,**            | )   | **Chapter 7**             |
|                                      | )   |                           |
| **Debtor.**                          | )   |                           |
| _____ | )   |                           |

MEMORANDUM OF DECISION AND NOTICE - 4

|  |  |  |
|---|---|---|
| | ) | |
| **IN RE** | ) | **Case No. 10-02956-TLM** |
| | ) | |
| **TYREL HOWARD SHORT,** | ) | **Chapter 7** |
| | ) | |
| **Debtor.** | ) | |
| _____ | ) | |

**MEMORANDUM OF DECISION RE: ORDERS TO SHOW CAUSE,
AND NOTICE OF OPPORTUNITY TO RESPOND
TO IMPOSITION OF SANCTIONS**
_____

## I.     INTRODUCTION

When a lawyer files a document with a court, such as a federal bankruptcy

court, he or she takes an act of undeniable significance.  It is of course important

to, and it has potentially serious consequences for, his or her clients, who have

entrusted their legal and financial affairs to the skill and integrity of the lawyer.  It

also has consequences – legally, professionally and ethically – to the lawyer.  *See*,

*e.g.*, Fed. R. Bankr. P. 9011(b) (noting the representations necessarily made when

a lawyer files a pleading).

A lawyer's filing of petitions, documents, motions, pleadings and papers of

any sort is of such importance that the rules require, with few exceptions, that each

be signed by that lawyer.  Fed. R. Bankr. P. 9011(a) (such pleadings and papers

"shall be signed by at least one attorney of record in the attorney's individual

name.")

In bankruptcy, the client's signature is also important.  A debtor must sign a petition seeking bankruptcy relief.  And all schedules, the statement of financial affairs, and other documents must be not only signed by the debtor, but that signature must follow the debtor's verification, made under penalty of perjury, that the paper to which it is affixed has been reviewed and is true and correct to the best of the debtor's knowledge, information, and belief.  *See* Fed. R. Bankr. P. 1008 ("All petitions, lists, schedules, statements and amendments thereto shall be verified or contain an unsworn declaration as provided in 28 U.S.C. § 1746.").

Like other clients, bankruptcy debtors rely on their attorney to shepherd them through unfamiliar and complicated territory.  They may not know, until advised by their lawyer, that the signatures they put to bankruptcy petitions, schedules and statements must be "verified" and what that term connotes.  They may not know that verifying and signing papers that contain false or inaccurate information exposes them to loss of discharge and, perhaps, criminal prosecution. *See* 11 U.S.C. § 727(a); 18 U.S.C. § 152.

In these several cases (and in others as well, according to admissions made at hearing), a lawyer lost focus on the importance of his clients' signatures, and on his own representations and professional duties.

MEMORANDUM OF DECISION AND NOTICE - 6

## II.    BACKGROUND AND FACTS

### A.    Electronic filing of documents, and signatures thereon

When electronic case filing ("ECF") was implemented in 2005, the Court devised a method to address the "signatures" attorneys and their clients affixed on documents.  Up to that point, it was rather straight-forward.  The client reviewed, verified, and physically signed the original, final document, the attorney also physically signed where necessary, and the original was transported to the Court and filed.  Attorneys and clients regularly kept photocopies of the executed documents for reference.

Because this Court was in one of the latter waves of bankruptcy courts nationwide to implement ECF, it could and did draw upon other courts' procedures and practices.  It implemented, by a General Order, the "ECF Procedures" and amended the Local Rules of the Court.  *See* General Order 187 (Nov. 15, 2004); LBR 5003.1.  Local Bankruptcy Rule 5003.1 was adopted and governed electronic filings, and it referred to and incorporated the ECF Procedures.  Among other things, LBR 5003.1 addressed the subject of signatures:

(j)    **Signatures.**

The electronic filing of any document by a Registered Participant[1] shall

---

[1]  A Registered Participant is an attorney who is authorized by the Court to file electronically.  Such authorization follows required training and certification.  *See* LBR 5003.1(f).  The first sentence of LBR 5003.1(j) addresses the concepts in Fed. R. Bankr. P.

(continued...)

MEMORANDUM OF DECISION AND NOTICE - 7

constitute the signature of that person for all purposes provided in the Federal Rules of Bankruptcy Procedure.  For instructions regarding electronic signatures, refer to the ECF Procedures.

*See also* General Order 187 at 11.

The Procedures, in turn, created a process for the electronic filing of verified pleadings under Fed. R. Bankr. P. 1008.  Under the ECF Procedures, at 13.A:

A Registered Participant filing a Verified Pleading electronically shall insure that the electronic version conforms to the original, signed pleading/document.  Each signature on the original, signed pleading/document shall be indicated on the electronically filed Verified Pleading with the typed name on the signature line of the person purported to have signed the pleading/document. The electronic filing of a Verified Pleading constitutes a representation by the Registered Participant that he or she has the original, signed document in his or her possession at the time of filing.  The Registered Participant shall retain the Verified Pleading for a period of not less than the maximum allowed time to complete any appellate process, or the time the case or Adversary Proceeding of which the document is a part, is closed, whichever is later. The document shall be produced upon an order of the Court.

Thus, the Registered Participant (*i.e.*, the lawyer) must insure that the electronic version filed through ECF conforms exactly to the written version of the physically signed document (*e.g.*, petition, schedule, statement, plan, and any amendments thereto).  By electronically filing documents, the Registered Participant is representing he or she actually has the original, signed document in

---

[1](...continued)
9011(a) and (b).

MEMORANDUM OF DECISION AND NOTICE - 8

his or her possession.

In this way, the salient, important aspects of the practice both before and after ECF remain the same.  The client still reviews, verifies and executes a "final" document.  That final document is filed by the lawyer.  The change is that, before, the "wet" signature was found in the Court's file.  Now, the "wet" signature is in the possession of the lawyer who, as a Registered Participant and officer of the Court, represents that it matches exactly what he or she electronically filed.

In many districts, the attorney retains possession of the physically-signed documents.  In this District, that was generally true.  *See* ECF Procedures at 12.B.7; 13.A.  However, after lengthy discussions with the United States Trustee and the United States Attorney, the Court adopted a procedure where debtor's physically-signed "signature pages" on certain documents were delivered to the clerk.  ECF Procedure 13.B provided:

> In bankruptcy cases, the Registered Participant must submit the original signature page of the original and any amended petition, schedules and statement of financial affairs to the Clerk within 5 days of electronically filing these documents with the Court in CM/ECF.

General Order 187 at 2, ¶ 4 also required:

> In the Bankruptcy Court, the Court will retain as copies the original signature page of the original and any amended petition, schedules, and statement of financial affairs. Registered Participants shall file these signature pages within five business days of filing documents under CM/ECF.

The ability of the attorney to immediately deliver such documents was based on

MEMORANDUM OF DECISION AND NOTICE - 9

the fact – inescapable under the Procedures – that the lawyer had the physically signed original in hand at the time of electronic filing. The five-day delay was provided simply to allow a short period for mailing or in person delivery to the clerk, given the geographic breadth of the District, the locations of the Court's divisional offices, and the locations of practitioners.

The procedure for handling the "wet" signatures changed on January 1, 2011; instead of being delivered to the clerk, they are now "scanned" and the scanned image is immediately electronically filed. However, the issues in the instant cases relate to the pre-2011 procedures. And it is important to note that, though the method of handling the "wet' signature pages has recently changed, the underlying propositions – client review, verification and execution of a "final" document, and a lawyer's possession of that debtor-signed final document at the time of electronic filing, and the representations made by the lawyer in so filing – have not changed at all.

### B.    The proceedings in these cases

This Court issued an Order to Show Cause and Notice of Show Cause hearing pursuant to § 105 and this Court's inherent powers in each of the above captioned cases. The Orders were issued based on the failure of attorney Brian John Coffey ("Counsel") to deliver signature pages to the clerk as required by General Order 187 and the ECF Procedures as then in effect. The majority of the

MEMORANDUM OF DECISION AND NOTICE - 10

Orders were entered on October 19, 2010.  In five of the twenty cases, the Court

learned that Counsel had delivered the required signature pages one day prior to

the issuance of the Order to Show Cause.  However, as the delivery of those

submitted signature pages was still untimely, the Court left all twenty matters on

for scheduled hearing.  At the request of Counsel, the Court continued the hearing

on these matters to November 15, 2010.

After receiving the show cause orders, Counsel submitted signature pages

in the majority of these cases, and in numerous others.  Upon a review of the

submitted signature pages, the Court noted discrepancies between the documents

filed by Counsel and the submitted signature pages.  As a result, the Court issued a

subsequent notice of hearing in seven of the initial twenty cases[2] and a notice of

hearing in an additional ten cases[3] to allow Counsel to explain the discrepancies in

the documents.

Counsel appeared at the November 15 hearing and addressed first the Order

to Show Cause and then the cases that prompted the notice of hearing.  Counsel

represented to the Court that, to the best of his knowledge, he had submitted

---

[2]  Those seven cases are: *In re Interwest Dev., Corp.,* 09-00718-TLM; *In re Knoll Acres Assocs. LLC,* 10-00720-TLM; *In re Beckman,* 10-02357-TLM; *In re Forgy,* 10-02591-TLM; *In re Clot,* 10-02823-TLM; *In re Waterworth,* 10-02955-TLM; and *In re Short,* 10-02955-TLM.

[3]  The additional ten cases are: *In re Romero,* 10-03153-TLM; *In re Foster,* 10-03154-TLM; *In re Morales-Mercedes,* 10-03157-TLM; *In re Zancker,* 1-0-03186-TLM; *In re Stevens,* 10-03244-TLM; *In re Bond,* 10-03244-TLM; *In re Doke,* 10-03245-TLM; *In re Morlock,* 10-03249-TLM; *In re Dibben,* 10-3346-TLM; and *In re Maidwell,* 10-03352-TLM.

MEMORANDUM OF DECISION AND NOTICE - 11

signature pages in all but one of the cases under the original orders to show cause.

However, in fact, as of the November 15 hearing, five of the cases still lacked the

required signature pages.  On November 18, 2010, Counsel submitted signature

pages in two of those remaining five cases.[4]

### 1.    Counsel's practices regarding signature pages[5]

Counsel explained that when filing bankruptcy cases for his clients, he goes

over draft petitions, schedules and statements of financial affairs with the debtors.

He has his clients sign a declaration or verification page for the *draft* paperwork,

and make notations on the draft to add or delete information.  Counsel then has his

paralegal make the changes and file the case using bankruptcy software.  His

clients are not asked to review or sign the final petition, schedules or statements.[6]

Counsel testified that his case preparation software will automatically insert

the current date next to debtors' electronic signatures when finalizing and filing

documents.  Where the dates on the original signature pages (delivered to the

clerk) and those filed in ECF differ, he explained that was a result of the default

---

[4]  Signature pages are still missing in *In re Westing*, 09-03594-TLM (related to Doc. No. 82); *In re Fowler*, 10-01516-TLM (related to Doc. No. 22); and *In re Castle,* 10-02630-TLM (related to Doc. No. 22).  The requisite declaration signature page is also delinquent for post-hearing amended schedules filed on December 24, 2010 in *Westing*, 09-03594-TLM.

[5]  Counsel expressed, at hearing, a growing understanding of the problems his approach created, and an indication he intended to alter his practices.  However, to address the issues, the Court must explain his prior practices in these cases.

[6]  Thus the "original" signature pages ultimately delivered to the Court are generally those executed by debtors in relation to a preliminary draft.

MEMORANDUM OF DECISION AND NOTICE - 12

function in his computer system and administrative error in not altering the system's operation to reflect the date on which the documents were actually signed prior to filing.[7]

Ultimately, Counsel said, his clients may or may not review the final, ECF-filed version of the petition, schedules or statements.[8]  Counsel conceded he may not have, in many if not most cases, signed documents that conform to those filed in ECF to initiate the case.

He emphasized that he does receive his clients' signatures on draft versions of the initial paperwork and some sort of "authorization" to file an edited and "finalized" version.  But, what is lacking is, of course, the accuracy and truthfulness of the representation that debtors signed the final, filed document, and their verification under penalty or perjury that they have read the final version and that it is true and correct.

When Counsel files amendments to schedules and statements, he represented that he "sometimes" receives actual signatures of debtors on the

---

[7]  The software's inclusion of a "current" date is a convenience and presents no problem so long as the client reviews and signs the "final" document on the date it is created and electronically filed.  If the document is signed but, for some reason, electronic filing of the final document is delayed several days, the attorney would be required to ensure that the software does not "re-set" the date and create a misrepresentation.  Ultimately, the attorney must control the software, not the other way around.

[8]  Nevertheless, it appears Counsel's clients are routinely asked at § 341(a) meetings if they reviewed what has been filed with the Court and, with Counsel's knowledge of the true state of affairs, respond they have.

MEMORANDUM OF DECISION AND NOTICE - 13

required declarations, but more often does not.  He stated he did not have a practice of obtaining signature pages for amendments.  Thus, the assertion in the ECF-filed document that the debtor reviewed and signed it is false, and Counsel knowingly perpetuates that falsehood in filing the document.

When questioned regarding specific types of amendments, Counsel stated that, in general, it was not his practice to obtain signatures on amended chapter 13 plans or amendments to several required forms, nor on amended schedules.  While a "/s/" is always placed on the amended document filed with the Court indicating that the debtor executed it, Counsel's practice was generally not to have a signature prior to filing.  Counsel claimed he would often have an e-mail, a phone call or some sort of other authorization from his client to file such amendments, even if they had not necessarily reviewed the amendments.

After receiving corrective entries from the Clerk regarding the missing (*i.e.*, undelivered) signature pages on original and amended petitions, schedules and statements of financial affairs, and the Orders to Show Cause in these cases, and the notices of hearing regarding the discrepancies in the documents submitted to the Court, Counsel altered his practices.  He began gathering signature pages for the original and any amended petition, schedules, and statement of financial affairs

MEMORANDUM OF DECISION AND NOTICE - 14

in order to comply with the *delivery* requirements of General Order 187 at 2, ¶ 4.[9]

That was his primary, if not sole, focus. However, he admitted at hearing, he did

not appreciate the significance of filing documents purporting to bear his clients'

signature when he did not in fact have the signed document in his possession, as

addressed in General Order 187 at 4, ¶ 11.[10] Therefore, if the original signature

pages were not required to be delivered to the Court, Counsel's new practices did

not require that he or his staff obtain clients' review and signature before filing the

documents, even if the ECF filed documents purported (with a "/s/") to have been

signed by his clients. Counsel admitted that, beyond the need to deliver certain

signed originals to the Court, he had not thought through the process and had not

addressed the requirement that all electronic versions filed with the Court conform

to the original, signed documents, and that he possess the original, signed

---

[9] As noted earlier, Paragraph 4 states, in part:

In the Bankruptcy Court, the Court will retain as copies the original signature page of the original and any amended petition, schedules, and statement of financial affairs. Registered Participants shall file these signature pages within five business days of filing documents under CM/ECF.

[10] Paragraph 11 states, in part:

*A Registered Participant filing a Verified Pleading electronically shall insure that the electronic version conforms to the original, signed document.* Each signature on the original, signed document shall be indicated on the electronically filed Verified Pleading with the typed name on the signature line of the person purported to have signed the document. *The electronic filing of a Verified Pleading constitutes a representation by the Registered Participant that he or she has the original, signed document in his or her possession at the time of filing.*

(Emphasis added).

MEMORANDUM OF DECISION AND NOTICE - 15

document at the time he caused the electronic version to be filed.

Counsel concluded his statements with an assurance that he would further alter his practices in the future.

## III.    DISCUSSION AND DISPOSITION

### A.    Ruling on Orders to Show Cause

While tardily, Counsel ultimately complied with this Court's requirement to submit the signature pages in seventeen out of the twenty cases at issue under the Order to Show Cause.  The Orders are deemed satisfied as to the requirement of delivery in these seventeen cases.[11]

As noted above, signature pages remain absent in three cases: *Westing, Fowler* and *Castle*.  Given Counsel's explanation to the Court at the November 15 hearing regarding his prior policy not to obtain signatures on amendments in the majority of his cases, and given that the missing signature pages in all three cases relate to amended petitions or schedules, the Court is aware that the reason for the absence of signature pages may well be that no original signature pages exist.  However, Counsel did not address these specific cases and was not cognizant of these missing pages at the time of the hearing.  Therefore, the Court concludes that

---

[11]   In one of the seventeen, *In re Englemen*, Counsel represented to the Court at a September 27, 2010 hearing that his client signed the original signature pages and he submitted the same, although untimely, to the Court.  The Court required Counsel to submit affidavits from his client and himself regarding the signature pages.  Although again tardily submitted, Counsel and his client have provided the required affidavits and the Court determines the requirement for original signature pages in that case has been satisfied by such affidavits.

MEMORANDUM OF DECISION AND NOTICE - 16

Counsel shall be given seven (7) days from the date of this Decision to submit the original signature pages, if they exist.  If the signature pages do not exist, Counsel shall file within such seven (7) days affidavits from his clients confirming the accuracy of the amended documents and the fact that they authorized the filing of the same.[12]

Even though the Orders to Show Cause addressed only the failure to deliver the required original signature pages, the story does not end with the submission of those pages and/or the affidavits described in the preceding paragraph.

### B.    Notices of hearing, and further issues

As it turns out, Counsel's failure to submit the required signature pages – the basis for the Orders to Show Cause issued in these cases – was only symptomatic of a much larger problem.

The notices of hearing issued in seven of the initial cases, and in ten other cases, *see* notes 2 and 3, *supra*, after the signature pages were eventually submitted to the Court were not styled as show cause orders.  Instead, the Court was seeking explanations regarding the discrepancies between the signature pages and the ECF-filed documents.  Counsel's description of his office practices did in fact explain why the discrepancies existed between the ECF-filed documents and

---

[12]  Though *Westing* has been ordered dismissed, *see* Case No. 09-03594-TLM at Doc. No. 112 (minute entry from January 21, 2011 oral ruling), the requirement of affidavit still applies.

MEMORANDUM OF DECISION AND NOTICE - 17

those he provided to the Court as originals.  But, in providing that explanation,

Counsel showed a general lack of care for his ethical obligations, his duties to

obey the Rules, and his responsibilities to both his clients and to the Court.

### 1.      Consequences of failing to comply with ECF Procedures

This Court recently addressed an attorney's ECF filing deficiencies in *In re
Hurd*, 10.3 I.B.C.R. 68; 2010 WL 3190752 (Bankr. D. Idaho 2010).  In that case,
the Court stated:

> A bankruptcy court has the authority to regulate the practice
> of lawyers who appear before it.  Such authority stems from the
> court's inherent powers, the Code and the Rules.  *See Price v.
> Lehtinen (In re Lehtinen),* 564 F.3d 1052, 1058 (9th Cir. 2009);
> *Caldwell v. Unified Capital Corp. (In re Rainbow Magazine, Inc.)*,
> 77 F.3d 278, 284 (9th Cir. 1996).
>
> Electronic filing is authorized by Fed. R. Bankr. P.
> 5005(a)(2), which provides:
>
>> A court may by local rule permit or require documents to be
>> filed, signed, or verified by electronic means that are
>> consistent with technical standards, if any, that the Judicial
>> Conference of the United States establishes. A local rule may
>> require filing by electronic means only if reasonable
>> exceptions are allowed. A document filed by electronic means
>> in compliance with a local rule constitutes a written paper for
>> the purpose of applying these rules, the Federal Rules of Civil
>> Procedure made applicable by these rules, and § 107 of the
>> Code.
>
> General Order 187 and LBR 5003.1 implement electronic filing in
> this Court, and attorneys are required to follow the Court's ECF
> Procedures.
>
> Under these rules and procedures, the Court allows an
> attorney, if he is a "registered participant" in the ECF system, to file

MEMORANDUM OF DECISION AND NOTICE - 18

verified pleadings and submit proposed orders electronically, but the Court specifically requires, *inter alia*, that the parties "insure that the electronic version conforms to the original, signed document." *See* General Order 187 at 4 (Nov. 15, 2004); *see also* ECF Procedures at § 13(A).

*Hurd*, 10.3 I.B.C.R. at 68-69.[13]  As Counsel conceded at hearing, and as outlined above, his practices failed to comply with General Order 187 and this Court's ECF Procedures.[14]  His failures go beyond mere negligence.

As noted in *In re Tran*, 427 B.R. 805, 808 (Bankr. N.D. Cal. 2010), when an attorney submits an electronically signed document to the Court, "he is certifying to the court that he has the [document] in his physical possession bearing the original signature of the [party].  If the certification is false, the attorney is subject to sanctions pursuant to Rule 9011."  And as another bankruptcy court explained:

> the integrity of the electronic filing system is at risk if attorneys are careless in their handling of originals.  In addition, attorneys must treat the filing of electronic documents no differently than the court's prior system. At all times and for all documents filed with the court, an original signature is required. The same public policy that prevented an attorney from filing a document on a client's behalf without an original signature still exists in the era of electronic filing.

*In re Brown*, 328 B.R. 556, 559 (Bankr. N.D. Cal. 2005).  In sum, an attorney's electronic submission of a document to the Court inaccurately "purporting to have [a party's] signature is no different than [the attorney] physically forging [the party's] signature and handing the [document] over the counter to the clerk."  *In re Wenk*, 296 B.R. 719, 725 (Bankr. E.D. Va. 2002).

---

[13]  In *Hurd*, the attorney violated these provision and was sanctioned.  *Id.* at 70.

[14]  In those cases where debtors were in chapter 13 and where Counsel executed a Model Retention Agreement ("MRA"), the conduct also violated ¶ I.B.3 of the MRA, which provides that Counsel's duties include: "Review with the debtor and sign the completed petition, plan, statements, and schedules."

MEMORANDUM OF DECISION AND NOTICE - 19

*Hurd*, 10.3 I.B.C.R. at 69.[15]

### a.    Fed. R. Bankr. P. 9011

As in *Tran,* Counsel's practices in the subject cases violate Rule 9011(b),

which requires, in part:

> (b) Representations to the court.  By presenting to the court (whether
> by signing, filing, submitting, or later advocating) a petition, pleading,
> written motion, or other paper, an attorney or unrepresented party is
> certifying that to the best of the person's knowledge, information, and
> belief, formed after an inquiry reasonable under the circumstances, –
>
> . . .
>
> (3) the allegations and other factual contentions have evidentiary
> support or, if specifically so identified, are likely to have evidentiary
> support after a reasonable opportunity for further investigation or
> discovery[.]

Fed. R. Bankr. P. 9011.

In addition to *Tran*, the Bankruptcy Court in *In re Harmon*, 435 B.R. 758

(Bankr. N.D. Ga. 2010), recently addressed issues similar to those found in this

case.  In *Harmon*, counsel filed a chapter 13 petition and plan.  Her client had

signed only a draft version of the petition and had not verified the information on

the final, filed version.  Her client also had not signed the chapter 13 plan Counsel

filed.  *Id*. at 762-63.  *Harmon* held:

> whenever an attorney electronically files a document and uses "/s/" to

---

[15] *Tran* involved a debtor's counsel who filed schedules containing a representation that
his clients had signed the final, filed version when in fact they had not.  *Brown* concerned a
debtor's attorney filing a plan falsely purporting to be signed by the debtor.  Counsel has
represented to the Court that he engaged in both these practices.

indicate that a party signed that document, the attorney is representing to the Court that a non-electronic original document exists and that the party has signed the original prior to the creation of the electronic copy.

[An attorney's] practice of obtaining a debtor's signatures on documents, then changing the substance of the documents, failing to get the debtor's signature on the changed form, and ultimately filing the changed documents with an electronic indication of the debtor's signature is a violation of Local Rule 5005-7(b)(3). Those actions are particularly egregious when, as here, the documents are filed along with a declaration, signed by the debtor, that allegedly verifies the veracity of the attached documents.

*Id.* at 766.[16]

Here, as in *Tran, Brown, Wenk,* and *Harmon*, Counsel falsely represented facts. Counsel conceded he failed to ensure that a non-electronic document, signed by his clients, existed prior to filing the electronic documents with the Court. Moreover, even after receiving corrective entries from the Clerk and this Court's Orders to Show Cause, Counsel failed to think through all his practices regarding signatures and ECF filings. He did not stop to consider that the signature requirements reached beyond the delivery of a limited number of original documents. He did not appreciate that, when he placed a "/s/" on any document filed in ECF, he was required to have his client's signature on a document that mirrored that filed with the Court. It was only at the November 15 hearing that Counsel appeared to realize, after Court questioning, that filing a

---

[16]   The Local Rules for the Northern District of Georgia discussed in *Harmon* closely resemble this Court's rules and procedures found in General Order 187, the ECF Procedures and LBR 5003.1.

MEMORANDUM OF DECISION AND NOTICE - 21

document with a "/s/" without first having his clients signature on the document

was a false representation that violated the Code, Rules, and Procedures.[17]

## IV.    CONCLUSION

Counsel assured the Court he had no active intent to deceive; the Court is

persuaded that is true.  There was no willful misconduct in that sense.

Nonetheless, Counsel violated Rule 9011(b)(3), General Order 187, LBR 5003.1

and the ECF Procedures.  Moreover, the fact that Counsel was unaware that his

policies and practices violated his duties to this Court and to his clients is

extremely troubling.  All attorneys are obligated to know and obey applicable

rules.  And few rules in bankruptcy are as essential as proper client review, and

execution, of petitions, schedules and statements.  Not only are the signatures of

debtors verified under penalty of perjury, Counsel himself makes false

representations in filing, electronically, unreviewed and unsigned documents.

This included, on the evidence, the filing of documents like amended schedules

and amended chapter 13 plans purporting to be signed when Counsel knew – for a

fact – they were not.

An attorney cannot be so ignorant or uncaring about the rules that govern

his behavior, especially those with serious ethical implications.  A sanction is

appropriate.

---

[17]  Counsel's practices, as articulated at hearing, also violate his professional obligations.
*See*, *e.g.*, Idaho Rule of Professional Conduct 3.1.

MEMORANDUM OF DECISION AND NOTICE - 22

Prior to hearing, Counsel initiated some changes to his practice to address the signature page issue. That was clearly a half-measure, as it focused only on the delivery of documents. Counsel failed to take that opportunity to evaluate the balance of the Rules and Procedures. Counsel stated, following colloquy at hearing, that even more changes would be made to ensure that electronic documents filed by his office conform to the originals.[18] That's appropriate and required.

But the fact remains that these changes come after the Court identified the problem. Counsel was grossly neglectful of the requirements of the Rules and of his ethical duties. In order to ensure that Counsel considers and attends to his professional and ethical obligations in the future, and as a result of his prior failures to do so, the Court intends to impose, as a sanction, the requirement that Counsel complete six (6) credit hours of continuing legal education in ethics within one year of the Order issued on this Decision.[19] Of the six (6) credits, at least four (4) shall be obtained through live instruction. The Court will also

---

[18] As discussed above, the Court recently changed the method for submitting the original signature pages. Given the new procedure of scanning and filing a copy of the signed original and associating it with the correct document in the case, Counsel's burden of implementing a new, rule and procedure-compliant practice as to these specific types of documents has been reduced.

[19] Such credits shall be approved by the Board of Commissioners of the Idaho State Bar as courses qualifying for ethics credit.

MEMORANDUM OF DECISION AND NOTICE - 23

provide a copy of this Decision to the Idaho State Bar.[20]

Having determined this to be an appropriate sanction to be imposed under Rule 9011, the Court must also address the fact that Rule 9011 provides a procedure for enforcement of its requirements.  Among other things, an attorney is entitled to notice of, and an opportunity to address, the alleged violations of Rule 9011(b).  *See* 9011(c).[21]

Here, the earlier Orders to Show Cause did not cite to Rule 9011 and they were not directed to Counsel's specific practices and procedures, for the simple reason that those practices were unknown to the Court at the time.  Instead, Counsel's conduct came to light during the November 15 hearings.  Nevertheless, because the Court believes Counsel has provided his full explanation, and has

---

[20]  Counsel will be required to provide details about the courses so taken, and provide proof of completion of those credits to the Idaho State Bar and the United States Trustee, and to file such detail and proof in *In re Clot*, 10-02823-TLM.

[21]  Rule 9011(c) states, in part:

If, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may, subject to the conditions stated below, impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation.

(1) How initiated

. . .

(B) On court's initiative

On its own initiative, the court may enter an order describing the specific conduct that appears to violate subdivision (b) and directing an attorney . . . to show cause why it has not violated subdivision (b) with respect thereto.

MEMORANDUM OF DECISION AND NOTICE - 24

conceded the violations of this Court's General Orders, Rules and ECF

Procedures, that constitute a violation of Rule 9011(b), the Court concludes a

further Order and show cause hearing under Rule 9011(c)(1)(B) may not

materially advance resolution but only cause Counsel to incur further time and

expense.  Still, Counsel is entitled to such an order and hearing if he wants, and he

is entitled to address the proposed sanction for his behavior.

Counsel will therefore be provided fourteen (14) days from the date of this

Decision to file a request for a Rule 9011(c)(1)(B) order and hearing, if he

concludes the violations above described may be further explained, or disputed, or

if he wishes to be heard on the issue of the proposed sanction for such violations.[22]

At the conclusion of the fourteen (14) days, if no such request is filed, the Court

will enter Orders in the above captioned cases and the subsequent ten cases,

imposing the above stated sanction.

DATED:  January 24, 2011

TERRY L. MYERS
CHIEF U. S. BANKRUPTCY JUDGE

---

[22]  Should Counsel choose to file such a request, he shall do so in *In re Clot*, 10-02823-TLM.

MEMORANDUM OF DECISION AND NOTICE - 25